H. H. HARRIS

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Springfield May 11, 1891.*

1. CRIMINAL LAW—*judgment in the absence of defendant.* Where one tried for a felony absents himself, after verdict finding him guilty and fixing his punishment, and motion for a new trial, it is error for the court to render judgment without his presence in court; but such judg-

ment is not void, but is a final judgment, which may be reviewed on writ of error.

2. BILL OF EXCEPTIONS—*power of court to grant after expiration of the term.* A party tried upon a criminal charge was present in court during the trial, and at the time the verdict of conviction was brought in, and when a motion for a new trial was entered by his attorney, but before the motion was decided the prisoner disappeared, and final judgment was entered on the verdict in his absence. On writ of error the judgment was reversed and the cause remanded, with directions to the trial court to enter judgment in his presence. At the term when judgment was entered the second time the prisoner tendered a bill of exceptions, containing the evidence, etc., on the trial at the former term, which was signed : *Held,* that the court had no jurisdiction at such subsequent term to settle and allow the bill of exceptions, and, on motion, it was stricken from the record on a second writ of error.

3. Where no leave is given to a party to file a bill of exceptions at the term when final judgment is entered disposing of the case, the court will have no power to sign a bill of exceptions, tendered at a succeeding term, as to matters occurring prior to that term.

4. PRACTICE IN THE SUPREME COURT—*bringing up part of case at one time and part at another.* This court will not hear a case piecemeal, and a party will not be allowed to have one part of the record of a trial and judgment heard as one case in this court at one time, and another part of it to be heard as another case at a different time.

WRIT OF ERROR to the Circuit Court of Macon county; the Hon. JAMES F. HUGHES, Judge, presiding.

Mr. JOHN J. REA, for the plaintiff in error.

Mr. GEORGE HUNT, Attorney General, for the People.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court :

This is a writ of error to the circuit court of Macon county. The Attorney General pleads, that as to all matters recited in this record as occurring prior to our June term, 1889, this identical record was before us on a writ of error sued out by this plaintiff in error at that term; that this plaintiff in error thereupon assigned errors on that record, in which there was joinder in error on behalf of the People; that this court ren-

·dered judgment in that suit on the 31st of October, 1889, reversing the judgment of the circuit court of Macon county, and remanding the cause to that court, with directions to it to pronounce sentence upon the plaintiff in error in accordance with the verdict, the plaintiff in error being for that purpose personally present in court to receive such sentence; and that :as to all matters recited in this record as occurring subsequently to our June term, 1889, they are strictly in conformity with that mandate of this court, and so, that the matters as to which errors are assigned on this record are *res judicata* in this court. The plaintiff in error replies that he was not present in open court at the September term, 1888, of the Macon circuit court, when he was sentenced by that court, and that no leave was then given him to file a bill of exceptions, and no bill of exceptions was then filed in said cause, and that therefore there was no bill of exceptions in the record before this court which could be considered by the court at our June term, 1889, but that at the September term, 1889, of the Macon circuit court, he was personally present in that court when ·sentence was pronounced upon him pursuant to the mandate ·of this court, and he thereupon presented the bill of exceptions ·copied into the present record, which was allowed and signed by the judge. The Attorney General demurred to the replication, and he also moved to strike from the record that part ·of the bill of exceptions which recites the evidence given upon the trial and rulings in the case prior to our June term, 1889. The questions thus presented will be considered together.

Taking, as we are required to do by the familiar rule of pleading applicable in such case, the averments in the replication most strongly against the pleader, it appears here that plaintiff in error was present in court during the trial, and when verdict was rendered, and when motion for new trial was made, and that he then, before his motion for new trial was overruled and sentence was pronounced against him, willfully absented himself from the court, and thereafter remained

5—138 ILL.

absent therefrom during the remainder of the term. The judg-
ment rendered at that term, though erroneous in respect to
rendering judgment on the verdict of the jury in the absence of
plaintiff in error, was not void, and it was a final judgment,
leaving nothing undisposed of which can be said to have been
continued by operation of law until the next term. Inasmuch,
therefore, as no leave was given at that term to present a bill
of exceptions in the case at a subsequent term, the court was
without such jurisdiction of the case as would enable it to sign
a bill of exceptions at a subsequent term of the court, and
therefore the bill of exceptions signed at the September term,
1889, of that court, as to matters occurring prior to that term,
can not be considered as any part of this record. (*Dougherty*
v. *The People*, 118 Ill. 160; *Wabash, St. Louis and Pacific Ry.
Co.* v. *The People*, 106 id. 652.) Plaintiff in error had every
opportunity that the law allows to a party to prepare and pre-
sent a bill of exceptions at the September term, 1888, and
that he did not avail of it is solely because of his own willful
neglect.

The only record that can be now before us properly, and the
record before us at our June term, 1889, are, in legal effect,
identical as to all matters occurring in connection with the
case prior to that term. We have repeatedly held that we
will not hear a case piecemeal, and that a party will not be
allowed to have one part of the record of a trial and judgment
heard as one case in this court at one time, and another part
of it heard as another case at a different time in this court.
Our judgment upon the record before us at our June term,
1889, whether right or wrong, is therefore conclusive as to
every question that was or ought to have been considered upon
that record, and under that judgment the circuit court of Ma-
con county had no discretion to render any other judgment
than that it did render. *Manufacturing Co.* v. *Wire Fence Co.*
119 Ill. 34; *St. Patrick's Church* v. *Daly*, 116 id. 76; *Ogden*
v. *Larrabee*, 70 id. 510; *Reed* v. *West*, id. 479; *Kingsbury* v.

*Buckner,* id. 514; *Newberry* v. *Blatchford,* 106 id. 590; *Hook* v. *Richeson,* 115 id. 431.

The demurrer is sustained to the replication, and the motion to strike out the bill of exceptions is sustained. This leaves nothing before us as to which error is assigned.

The contention that the court erred in not crediting plaintiff in error with the time he had served in the penitentiary before the reversal of the judgment rendered at the September term, 1888, has nothing in the record to sustain it. Our mandate to the circuit court was to "pronounce sentence upon the defendant in accordance with the verdict, the defendant being for that purpose personally present in court to receive such sentence." *(Harris* v. *The People,* 130 Ill. 465.) This admitted of no deduction for previous confinement in the penitentiary, even if the record contained evidence in that respect. But it does not.

The judgment is affirmed.

*Judgment affirmed.*