## Saratoga European Hotel and Restaurant Co., J. K. Sebree, Hannah M. Spofford and Lucy M. Mills v. Solomon M. Mossler and Morris Mossler.

1. CERTIFICATE OF EVIDENCE—*When Made Solely upon the Personal Recollection of the Judge.*—A certificate of evidence made only and solely upon the personal recollection of the judge as to what occurred at a prior term, will not be considered as a part of the record by a reviewing court, when objected to in apt time by one of the parties to the suit.

2. INTERLOCUTORY ORDER—*Where an Interlocutory Order Granting an Injunction is Final.*—An interlocutory order granting an injunction is an order from which no appeal lies except by virtue of the statute. But if there is no change in such order by the court, and it is appealed from, then, as to such appeal, it is to be treated as a final order; and it can not, for the purpose of such appeal, be explained or affected by a certificate of evidence made at a subsequent term of the court.

3. INJUNCTIONS—*When to Issue Without Notice.*—It is not necessary that the facts showing that the rights of a party complainant will be unduly prejudiced, unless an injunction is issued without notice, should appear in the affidavit. It is sufficient if such facts appear in a properly verified bill.

4. SAME—*Sufficiency of Bill for Injunction Without Notice.*—The court recites in the opinion and holds sufficient the allegations of a bill for the issuing of an injunction without notice.

5. MERCANTILE SHOW WINDOWS—*Doctrine of Ancient Lights.*—There is something more than light involved in the case of mercantile show windows in large cities. Courts recognize the fact that such windows are a very large element in the renting value of business places.

Interlocutory Order Granting an Injunction.—Made by the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Appeal by defendant. Heard in the Branch Appellate Court, First District, at the March term, 1898. Affirmed. Opinion filed June 31, 1898.

FLOWER, SMITH & MUSGRAVE, attorneys for appellants.

PAM, DONNELLY & GLENNON, attorneys for appellees.

MR. JUSTICE HORTON delivered the opinion of the court. This cause is now before this court on an appeal from an

Saratoga European Hotel & Restaurant Co. v. Mossler.

interlocutory order granting an injunction restraining the appellants.

We must first consider the motion of appellees to strike from the transcript of record the certificate of evidence. The reasons assigned in support of said motion are that said certificate was made at the March term, 1898, of said court, and related to an order entered at the February term; that the judge signing said certificate had no authority so to do; and that said certificate is made solely and entirely upon the personal recollection of the judge who signed it.

March 3, 1898, the bill in this case was verified and filed. Indorsed thereon is the usual statement by a master recommending that an injunction issue; also a direction in the usual form, signed by Judge Chetlain, that the writ issue.

The certificate of evidence recites that application was made to Judge Chetlain at his house, and not in the court house, between eight and ten o'clock P. M., " March 3, 1898, of the February term," for an injunction restraining defendants as prayed in said bill, which application was then and there granted without notice to defendants. Said certificate of evidence was presented to and signed by said judge March 7, 1898, which was of the March term of said court. Complainants (appellees) objected to the court signing said certificate, and the same was "signed, ordered and sealed only and solely upon the personal recollection" of said judge, against the objection of appellees then and there made. There was no consent of counsel or order by the court at the February term that such certificate might be prepared later.

A certificate of evidence made " only and solely upon the personal recollection" of the judge as to what occurred at a prior term, will not be considered as a part of the record by a reviewing court, when objected to in apt time by one of the parties to the suit. Wabash, P. & St. L. Ry. Co. v. People, 106 Ill. 652; Harris v. People, 138 Ill. 63.

It is urged in reply that the cases cited by appellees are at common law, and that interlocutory orders in chancery are, "in the breast of the court," subject to modification or

reversal at any time before final decree, and that therefore the rule laid down in common law cases does not apply. The record does not show any action by the court below upon any motion to modify or reverse the order granting said injunction. The only purpose or office of said certificate of evidence is to state and make a part of the record what is said to have occurred at a previous term. When presented for such purpose it makes no difference whether it be chancery or common law.

But there is another reason why this motion must be sustained. "March 3d, A. D. 1898, the same being one of the days of the February term of said court," an order was regularly entered in said court, directing that an injunction issue in said cause, and stating fully just what defendants be restrained from doing. It does not appear from the record which judge of the Superior Court entered that order, nor that there is any connection between said order and the recommendation by the master or the indorsement by the judge upon the bill. It was "in the breast of the court" to have modified or vacated said order, but it has not done so. The certificate of evidence makes no reference to and in no way affects that order. Suppose it to be true that at his private residence, between eight and ten o'clock in the evening, and without notice to defendants below, Judge Chetlain signed the order indorsed on the bill filed in this case (and that must be treated as a nullity), there still remains the order of the Superior Court, duly entered of record, that the injunction issue in the language in which it was in fact issued.

The order granting an injunction is an interlocutory order. From it no appeal lies except by virtue of the statute. If there be no change in such order by the court where it was entered, and it be appealed from, then, as to such appeal, it is to be treated and considered as a final order. It can not, for the purpose of such appeal, be explained or affected by a certificate of evidence made at a subsequent term, any more or any further than any other final order can be.

Saratoga European Hotel & Restaurant Co. v. Mossler.

It is also argued by appellants that the injunction in question was improperly issued without notice, there being no facts stated in the affidavit to justify such action. It is not necessary that the facts showing that " the rights of the complainant will be unduly prejudiced," unless the injunction issue without notice, should appear in affidavit. It is sufficient if such facts appear in a properly verified bill. The statute is that such facts "shall appear from the bill *or* affidavit accompanying the same. " Such is also the opinion of the court in Suburban Co. v. Naugle, 70 Ill. App. 384, 398.

It appears from the verified bill upon which the injunction complained of was granted, that, against the protest and objection of appellees, appellants had commenced the erection of a canopy in such manner that it " very largely and materially covers the front of the premises so leased and occupied by your orators, and particularly the show window in said premises, * * * and extends the entire height of the storeroom and show window of your orators' said premises * * * and extends to the end of the sidewalk in front of said premises."

The following statement also appears in said bill:

" Your orators further show and represent unto your honors that the said defendants will construct and complete the construction of the said building of said canopy and covering, upon the premises of your orators, extending over and upon the said Madison street to the end of the sidewalk as hereinabove set forth, and thereby absolutely destroy and make valueless and injurious to your orators the said premises so rented and leased by them and now by them occupied; that their light in and about the premises occupied by them will be seriously impaired and interfered with and shut out; that the means of going to and from their premises will be more or less impaired, retarded and interfered with by the construction of the said canopy and covering as herein set forth; that the means of having the wares and merchandise of your orators in their show window in their said premises observed, seen and used, as is their right and enjoyment of their said premises, will be materially, largely

and injuriously interfered with, impeded and retarded, and that the construction and building of the said canopy and covering should be enjoined and restrained *pendente' lite*, and such injunction and restraining order made perpetual upon a final hearing of this bill of complaint."

It is also stated in said bill that the appellants (defendants below), " contrary to the opposition and objection of these complainants, and without their consent, surreptitiously in the night time, and between the hours of eleven o'clock at night on said February 26, A. D. 1898, and Sunday, February 27, A. D. 1898, caused the entire west part of their show window in their said premises to be covered with a wooden partition or frame work extending the entire height of your orators' said show window."

Upon such statements of fact the court below was justified in entering said order for an injunction without notice.

The appellants, Spofford & Mills, are the owners of a large building situated at the southeast corner of Madison and Clark streets in the city of Chicago. Near the center of the north or Madison street front of said building is what is called a ladies' entrance to a hotel in said building. The door is some eight or ten feet back from the front or street line. East of and adjoining the ladies' entrance are the premises leased and occupied by appellees, having a frontage of eighteen feet on Madison street. Between the entrance to the store of appellees and said ladies' entrance is a "show window" forming a part of appellees' premises. What would be the "corner" of that show window if the west and north fronts thereof were continued until they intersected is "cut off," so that there is a diagonal face or front of two and a half feet. Said show window has a Madison street frontage of seven and a half feet, the diagonal frontage two and a half feet, and a west frontage or face of seven feet. The west face of said show window is the east line of said ladies' entrance.

After the defendants, Spofford & Mills, had leased the store to appellees, they leased to the defendants Sebree and the Hotel Company the portion of said building used as a

Saratoga European Hotel & Restaurant Co. v. Mossler.

hotel, including the ladies' entrance thereto. The exact date of said leases are not in the record. February 26, 1898, appellants moved the door to said ladies' entrance toward the street seven feet, and erected a solid oak partition in front of and so that the entire west face or frontage of said show window was covered from view. Following that they commenced the erection of the canopy hereinbefore referred to, which covered the entire diagonal face of said show window. If appellants had a right so to do, the injunction should be dissolved; if not, it should be continued.

On behalf of appellants it is urged that as appellees do not show that they have in their lease any covenant as to the west face of said show window, or as to the use to which the space at the west thereof should be put, they have no cause of complaint in law.

It seems to us that this position is untenable. The only case cited to support it is Keating v. Springer, 146 Ill. 481. That case, in so far as it is claimed to be applicable to the case at bar, is a discussion as to " a prescriptive right, springing up under the narrow limitation in the English law, to prevent obstructions to window lights." It is there held that such English doctrine does not prevail in the majority of the American States.

But that is not the only question in the case at bar. There is something more than light involved in the case of mercantile show windows in our large cities. Courts must recognize the fact that show windows are a very large element in the renting value of many business places. In some instances large sums of money are expended to improve such windows, when the admission of light is not affected thereby. It is not a question of " mere convenience."

As the facts appear at this stage of this case, appellants have no greater rights in said ladies' entrance, no more right to barricade appellees' show window than the common lessors would have, if the lease to appellees had not been made. The show window in question is a very large one in proportion to the size of the store. That window

694 APPELLATE COURTS OF ILLINOIS.

has a display front or face of seventeen feet, while the whole store has a width of only eighteen feet and a depth of only forty feet. To hold that such a window and its uninterrupted use has no value to such a store, except for the admission of light, would be to do violence to our every sense of justice.

We are thoroughly impressed with the conviction that no court would ever hold that the lessors, after leasing said store to appellees, should be permitted to destroy or greatly reduce its value to the lessees, and they have no redress or protection.

The motion to strike from the transcript of record the certificate of evidence is granted. The interlocutory order of the Superior Court, entered March 3, 1898, directing that an injunction issue *pendente lite*, is affirmed.

Motion granted and injunction affirmed.