City of Spring Valley v. County of Bureau.

*Reversed and remanded.*

## City of Spring Valley v. County of Bureau.

### Gen. No. 4,374.

1. BILL OF EXCEPTIONS—*when, not in apt time.* A bill of exceptions showing proceedings upon a motion for a change of venue is not in apt time unless presented at the term at which such motion was heard and determined or unless an order has been entered during such term fixing the time within which the bill of exceptions might be presented and the same is presented within such time, and no matter contained therein, if it be not presented in apt time, is to be regarded on appeal, notwithstanding such bill of exceptions is presented within the time allowed for presentation of the general bill of exceptions in the cause.

2. POOR PERSONS—*primary duty to provide for.* The primary duty to furnish aid to poor persons, not coming within the definition of paupers, who may fall sick and who have not the money or property to relieve themselves, is on the county and not the city.

3. POOR PERSONS—*power of county to enact rules respecting aid to be furnished to.* The county board undoubtedly has power to make reasonable rules and regulations in furtherance of the statutory objects, but it cannot, under the pretense of making such rules and regulations, limit its duty to a particular class of persons other than those embraced in the statute or make its relief dependent upon certain lines of conduct.

4. POOR PERSONS—*rule respecting relief to be furnished to, held invalid.* A rule adopted by a county board as follows: "That county aid shall be withheld from any person or persons who engage in riot or lawlessness or any violation of the statutes; also to those who go out on strikes or refuse or neglect to accept work when it is available,"—is invalid as in contravention of statute.

Action of assumpsit. Appeal from the Circuit Court of Bureau County; the Hon. RICHARD M. SKINNER, Judge, presiding. Heard in

this court at the April term, 1904. Reversed and remanded. Opinion filed August 24, 1904.

C. N. HOLLERICH and J. L. MURPHY, for appellant.

GEORGE S. SKINNER and WATTS A. JOHNSON, for appellee.

MR. JUSTICE VICKERS delivered the opinion of the court.

This is an action of assumpsit, brought by the city of Spring Valley against Bureau county to recover for money laid out and expended by the plaintiff for medical aid, nursing, food and other necessaries furnished by the city to certain indigent persons who had small-pox in the years 1900 and 1901.

A bill of particulars was filed showing the various items claimed for, together with the dates, the aggregate of which was $2,836.01, $2,367.13 of which was for the year 1900 and $468.86 for 1901. The defendant pleaded the general issue and a trial was had, resulting in a verdict and judgment for the defendant, and the plaintiff appeals.

The first error insisted on is the refusal of the Circuit Court to grant a change of venue to the appellant on account of the prejudice of the inhabitants of Bureau county. This application was made at the September term, 1902, and was heard on affidavits and decided at that term. No bill of exceptions was presented or signed during that term; at the following April term the only steps taken in the case were a change of venue from Judge Trimble and an order of continuance to the September term, 1903. The case was tried at the September term, 1903, and a general bill of exceptions then taken showing the action of the court on the motion for a change of venue at the September term, 1902. The court had no power to sign the bill of exceptions after the adjournment of the September term, 1902, making the proceedings in regard to this motion a part of the record, unless an order had been entered during that term fixing a time within which the bill might be presented and the bill was presented within such time. The proceedings of the September term, 1902, so far as they relate to the motion for a change of venue are therefore

not properly before us.  Belford v. Beatty, 46 App. 539; Harris v. People, 138 Ill. 63; Guyer v. Davenport and Rock Island R. R. Co., 196 Ill. 370.  We have, however, considered the motion and the affidavits filed by the parties and our conclusion is that if appellant was in a position to raise the question no error was committed in overruling the motion.  It is urged that the finding of the jury is against the law and the evidence.  We agree with appellant on this point, at least with respect to the claim for the year 1901.  It is clearly shown, as to this year, that the mayor of the city called the attention of the supervisor of the poor of the town in which Spring Valley is situated to the existence of small-pox in the town and the necessity of the public aid for the patients and their families; that the supervisor agreed with the mayor that if he would furnish medical attendance, the supervisor would furnish the food supplies; that the appellee did furnish the food supplies, but refused to allow appellant's bill for necessaries furnished by the city.  The primary duty to furnish poor persons, not coming within the definition of paupers, who may fall sick and who have not the money or property to relieve themselves, is on the county and not the city.  Hurd's R. S. 1903, sec. 24, chap. 107; County of Madison v. Haskell, 63 App. 657, and cases there cited.  This being true, the fact that the mayor may have agreed on behalf of the city to furnish some portion of the necessaries for these small-pox patients could not have the effect of binding the city or of releasing the county from its obligation; nor did the fact that the appellant afterward audited and paid bills have the effect of ratifying the unauthorized act of the mayor in agreeing to furnish some part of the relief, if he did so agree.  The city of Spring Valley was not authorized or required to expend its revenue for purposes of that kind, and it could not by a subsequent ratification, either express or implied, bind itself in a matter where it had no power to contract.

The board of supervisors had made certain rules respecting the matter of rendering aid to persons other than pau-

pers, one of which was as follows: " That county aid shall
be withheld from any person or persons who engage in riot
or lawlessness or any violation of the statutes; also to those
who go out on strikes or refuse or neglect to accept work when
it is available." Several of the persons who were relieved
by the city, to be reimbursed for which this suit is brought,
were coal miners, and on a strike at the time they were
taken with small-pox, and the rule above quoted is invoked
to shield the county from liability. Section 24 of chapter
107, entitled "Paupers" (Hurd's R. S. 1903), is as follows:
" When any non-resident, or any person not coming within
the definition of a pauper, of any county or town, shall
fall sick, not having money or property to pay his board,
nursing and medical aid, the overseers of the poor of the
town or precinct in which he may be shall give, or cause to
be given to him, such assistance as they may deem neces-
sary and proper, or cause him to be conveyed to his home,
subject to such rules and regulations as the county board
may prescribe; and if he shall die cause him to be decently
buried." While under this statute the county board would
undoubtedly have power to make any reasonable rules and
regulations in furtherance of the objects of the statute,
still it could not, under the pretense of making rules and
regulations, limit its duty to a particular class of persons
other than those embraced in the statute, or make its relief
dependent upon certain lines of conduct. It is not the pur-
pose of the statute to permit the county board to discrim-
inate between different classes or persons of different occu-
pations, but " any person, not coming within the definition
of a pauper, who shall fall sick, not having the money or
property to pay his board, medical aid, or nursing * * *
shall be given such assistance as may be necessary." When
a case is presented falling within the purview of the stat-
ute, reason, humanity and the law alike appeal to the pub-
lic authorities of the county for assistance, and if the county
may, by a rule of its own making, exempt itself from lia-
bility on the ground that the party had gone on a strike.
or refused work when he could have obtained it, or other

like pretext, then, in effect, the statute is nullified by the action of the board, and exceptions and provisos engrafted on it where none existed as the law was made. We think the rule above quoted is unreasonable and void, and affords no defense to appellant's claim.

Instructions number one and two, given for appellee, are, criticised because they ignore the rule that makes counties liable for relief furnished in urgent cases, which from the nature of the sickness or injury is such, that to delay long enough to notify the supervisor of the poor might be attended with serious results to the patient or the public. The instructions are open to this objection, but unless appellant in its declaration and proofs seeks to make a case within the exception to the general rule requiring notice, we do not regard the error in these instructions as serious enough to call for a reversal on this ground. We are of the opinion that this case ought to be submitted to another jury; that the finding here is not warranted by the evidence, and that a new trial should have been awarded. Judgment reversed and cause remanded.

*Reversed and remanded.*