## Paul T. Galt, Trustee, v. Jennie F. Nevitt, Admx., etc.

### Gen. No. 4,370.

1. PETITION—*when action of court in dismissing, will not be reviewed.* Where a petition asking for the allowance of interest upon the entry of a particular decree, has been filed and by the court dismissed, such action will not be reviewed where such petition was auxiliary to the bill in the case and such bill is not in the record.

2. PETITION—*when allowance of filing of, improper.* A petition which has for its object the raising of a question which was a part of a controversy already fully determined by the Supreme Court, should not be allowed to be filed.

3. DECREE—*power of court entering, at direction of Supreme Court.* Where the trial court proceeds to carry out the mandate of the Supreme Court and enters a particular decree, it can enter no other decree than that directed notwithstanding the particular matter arising at the time of the entry was not discussed or referred to by the Supreme Court in its opinion or mandate.

Petition for allowance of interest.   Appeal from the Circuit Court of Whiteside County; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the April term, 1904.   Affirmed.   Opinion filed August 24, 1904.   Rehearing denied October 5, 1904.

CHARLES H. WOODBURN and F. E. ANDREWS, for appellant.

JARVIS DINSMOOR, for appellee;   W. J. McCOY, of counsel.

MR. JUSTICE VICKERS delivered the opinion of the court.

This case was before this court at a former term and our opinion is reported in 82 App. 649.   It had previously been before the Supreme Court and was dismissed because no freehold was involved, the opinion of the Supreme Court

being found in 175 Ill. 376, to which reference may be had for a statement of the facts. The case was again before the Supreme Court and is reported in 190 Ill. 283. In its original form it was a bill in chancery to remove Edward H. Nevitt, as trustee under the will of George H. Woodburn, Sr., and to compel an accounting of the trust fund. There has been uniformity in the holdings that Nevitt had violated his duty in his dealings with the trust fund and that he should be removed, but on the question of how much he owed to the trust fund there has been quite a divergence of views. The master in chancery found one amount, the Circuit Court another, this court still another and finally in the Supreme Court (190 Ill. 283), after an exhaustive examination of the case, the account was stated, and the exact balance of $3,461.69 was found to be due the trust fund from Nevitt, and the findings of this and the Circuit Court were reversed and the cause remanded to the Circuit Court with directions to enter a decree in conformity to the opinion of the Supreme Court. The case was redocketed in the Circuit Court, and on the 21st of October, 1901, a final decree was entered requiring appellee to pay Paul T. Galt, who had been appointed trustee to succeed Nevitt, the sum found to be due by the Supreme Court. Nevitt had paid the amount found due into court for the use of his successor before the entry of the decree on October 21, 1901.

In the decree of October 21 the court reserved the question whether the decree should include interest on the amount found due by the Supreme Court.

On the 28th of October, 1901, Galt filed a supplemental petition, asking that Nevitt be required to pay interest on this sum for a number of years, amounting to $865.42, and interest on interest from October 21, 1901, which was answered by appellees, evidence heard and the petition dismissed, to which the trustee Galt excepts and brings the case here by appeal, assigning as error the dismissal of the petition and the refusal to allow the interest claimed.

The contention of appellant cannot be sustained for two reasons: (1) The original bill filed in the cause, and under

which the final relief was decreed, is not in the record before us. We have no way of knowing, in the absence of the bill, whether the relief here sought is consistent with the bill or whether the bill may not show a state of facts which relieves appellee from the payment of interest. The court below had the original bill before it when the petition was dismissed, and, for aught we know, the bill itself furnished the reason and basis of the court's action. (2) The judgment of the Supreme Court reversing and remanding the cause with directions to enter a decree for $3,461.69 as the final balance found to be due, is conclusive and final, and the Circuit Court had no power to enter any other decree whatever. Hollowbush v. McConnel, 12 Ill. 203; Wadhams v. Gay, 83 Ill. 250; Gage v. Bailey, 119 id. 539; Newberry v. Blatchford, 106 id. 584; Sanders v. Peck, 131 id. 407; Hook v. Richeson, 115 id. 431; Buck v. Buck, 119 id. 613; Blackaby v. Blackaby, 189 id. 342. Whether the question of interest was discussed or considered by the Supreme Court is wholly immaterial. The judgment is conclusive of all the things which in fact were or that might have been litigated. Harris v. People, 138 Ill. 63, and cases there cited.

Appellant's argument destroys itself. He says that the Supreme Court might have "entered a decree against Nevitt for $3,461.69 with interest thereon from the date of the decree of the Circuit Court." This is a confession that the record before the Supreme Court would have warranted the entry of a decree for interest; consequently the question was directly presented and involved in the Supreme Court proceeding and its decree is therefore conclusive, and has the same force as if it had been expressly held that $3,461.69 shall be paid by Nevitt and no other or different sum shall be required on account of any matters or things herein involved or that might have been presented. A party is not entitled to have a record reviewed in this or the Supreme Court piecemeal, presenting one question on one part of the record at one time, and another at another time, which would be the effect if the question

of the allowance of interest could now be presented, after the whole case had been through both courts.  Harris v. People, *supra;* Henning v. Eldridge, 146 Ill. 305.

The Circuit Court ought not to have allowed this petition to be filed, but having done so, any subsequent order that had the effect of neutralizing this error was proper. Striking the petition from the files, or dismissing it with or without a hearing would accomplish the proper purpose. There being no error in the action of the court of which appellant can complain the judgment is affirmed.

*Affirmed.*