LYDIA L. ROBERSON, Admx.

*v.*

JULIA TIPPIE *et al.*

*Opinion filed April 17, 1905.*

APPEALS AND ERRORS—*when freehold is not involved.* A freehold is not involved in a proceeding by an administratrix to sell land to pay debts unless some question is raised in regard to the title to the land, and is not involved where the only issue is whether there are valid claims unpaid authorizing sale of land to pay them.

APPEAL from the Circuit Court of Franklin county; the Hon. P. A. PEARCE, Judge, presiding.

C. H. LAYMAN, and THOMAS J. LAYMAN, for appellant.

WILLIAM C. BLAIR, and W. H. HART, for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Franklin county dismissing a petition to sell real estate to pay debts, filed by appellant, as administratrix of the estate of Levi Y. Roberson, deceased. The petition was filed originally in the county court of Franklin county. The judge of that court being a material and necessary witness, the proceeding was transmitted to the circuit court of that county under section 69 of chapter 3 of Hurd's Revised Statutes of 1903.

It is admitted by appellees that deceased was, at the time of his death, the owner of the lands sought to be sold, and that Lydia L. Roberson is his widow and entitled to dower and homestead in said lands, but they, upon the trial below, contested the allowance of a claim in favor of appellant, and contended that there were no valid claims remaining unpaid against said estate which would entitle the administratrix, under the law, to sell real estate to pay debts, and that said petition for that reason should be dismissed, which contention was sustained by the trial court and the petition dismissed, from which decree appellant prayed an appeal direct to this court.

This court can take jurisdiction in this case only in the event a freehold is involved. A freehold may or may not be involved in a proceeding to sell real estate to pay debts, and is only involved in such proceeding when some question is raised in regard to the title to the land. (*Lynn* v. *Lynn,* 160 Ill. 307; *Fields* v. *Coker,* 161 id. 186; *Richie* v. *Cox,* 188 id. 276.) The title to the land in this proceeding is in no manner put in issue. This court, therefore, has no jurisdiction of this appeal. It should have gone to the Appellate Court.

The appeal must be dismissed.          *Appeal dismissed.*