Brown v. Burley, 168 Ill. App. 114.

Foreclosure. Appeal from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 13, 1912.

J. L. O'DONNELL, T. F. DONOVAN and J. A. BRAY, for appellant.

BARR, McNAUGHTON & BARR, for appellee.

---

**Dillon S. Brown, Administrator, Defendant in Error, v. Theodotia Burley et al.**

**W. Leslie Lowe, Plaintiff in Error.**

**Gen. No. 5454.**

1. APPEALS AND ERRORS—*when transcript not stricken.* A portion of a record omitted by the appellant but supplied by the appellee will not be stricken at the instance of the appellant.

2. APPEALS AND ERRORS—*when certificate of evidence stricken.* If a certificate of evidence be signed at a time when the court is without power to sign the same it will be stricken.

3. APPEALS AND ERRORS—*when finding by County Court presumed supported by evidence.* Findings of fact contained in a decree of the County Court ordering the sale of real estate will be presumed supported by the evidence heard where no certificate of evidence is preserved.

4. APPEALS AND ERRORS—*when assignments deemed waived.* Assignments of error not argued are deemed to have been waived.

5. CERTIFICATES OF EVIDENCE—*when proper in County Court.* If an appeal is properly taken from the County Court to an Appellate Court a certificate of evidence may be properly signed and sealed by the judge of the County Court.

6. CERTIFICATES OF EVIDENCE—*when must be signed.* A certificate of evidence must be prepared and signed at the time unless by an order of court it is permitted to be thereafter prepared and signed within a later time fixed by such order.

7. ADMINISTRATION OF ESTATES—*when laches no defense to application to sell real estate to pay debts.* If all the assets have been exhausted except the homestead not worth over $1,000 which the widow continues to occupy as a homestead, holders of unsatisfied claims may wait till the homestead estate is extinguished before applying for a sale of the property no matter how long the lapse of time.

8. INTEREST—*when allowance upon balance of widow's award proper.* Where a money judgment has been entered providing for the payment of a balance due upon a widow's award interest may be awarded from the time of the entry of such judgment.

Petition to sell real estate to pay debts. Error to the County Court of De Kalb county; the Hon. WILLIAM L. POND, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 13, 1912.

VINCENT D. WYMAN and OTTO W. JURGENS, for plaintiff in error.

GEORGE BROWN, for defendant in error; C. D. ROGERS, of counsel.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

On March 11, 1907, Dillon S. Brown, administrator *de bonis non* of the estate of Thomas W. Burley, deceased, filed a petition in the County Court of DeKalb county for the sale of real estate to pay debts, the principal item being a balance due on the widow's award and interest thereon. The widow and the heirs (all of whom were collateral) were made defendants; an amendment was filed to the petition; W. Leslie Lowe, an heir, answered; and there was a hearing and a decree for the sale of the real estate. Lowe sued out a

writ of error from this court to review the proceeding and filed a record containing only the petition, the amendment, his answer and the decree. Defendant in error obtained a *certiorari* to have other parts of the record certified, and two additional records were filed on the same day, one containing various parts of the record proper omitted by plaintiff in error, and the other containing a certificate preserving the evidence introduced at the hearing, and he filed an additional abstract of said certificate of evidence. Plaintiff in error moved to strike the additional record and the additional abstract from the files, without specifying which record was meant. This motion was taken with the case. We see no reason for striking from the files those portions of the record and files of the court below which plaintiff in error omitted. Plaintiff in error contends that there can be no certificate of evidence in a probate proceeding in the County Court, relying upon Blair v. Sennott, 134 Ill. 78, 84. What was there said applied to such probate proceedings as are appealable to the Circuit Court, where they are tried *de novo,* and not upon the record of the County Court. But this case was properly brought to the Appellate Court. Fields v. Coker, 161 Ill. 186; Frier v. Lowe, 207 Ill. 410; Roberson v. Tippie, 215 Ill. 119; Wachsmuth v. Penn Mutual Life Insurance Co., 231 Ill. 29. In our opinion, a party aggrieved by a decree for the sale of real estate to pay debts has a right to have the evidence preserved by a certificate of evidence, for this is essential in order to have the case properly reviewed when removed to this court, or to the Supreme Court in case a freehold is involved. The remedy by appeal or writ of error would be very inadequate if the evidence could not be preserved. But the decree here reviewed was entered at the April term A. D. 1908, of the County Court, and no leave was then given to afterwards present a certificate of evidence, whereas this certificate was signed on August

14, 1911, during the pendency of the case in this court. A certificate of evidence must be prepared and signed at the time, unless by an order of court it is permitted to be thereafter prepared and signed within a later time fixed by such order. Harris v. People, 138 Ill. 63; Guyer v. D. R. I. & N. W. Ry. Co., 196 Ill. 370; Finch & Co. v. Zenith Furnace Co., 245 Ill. 586; City of Spring Valley v. County of Bureau, 115 Ill. App. 545; People v. Strauch, 153 Ill. App. 544. Therefore defendant in error had no right to a certificate of evidence at the time this certificate was signed, and the additional record containing such certificate of evidence and the additional abstract must be stricken from the files.

Plaintiff in error assigns four errors upon the record: (1) that the court erred in finding that there was a deficiency of personal estate; (2) that the court erred in finding that the deficiency amounted to $223; (3) that the court erred in finding that the estimated costs due and to accrue and the interest on the unpaid award should be included in the amount of the deficiency for which the real estate should be sold; (4) that the court erred in ordering the sale of the whole of said real estate. As to the first and second errors alleged it is sufficient to say that the court found in the decree in detail that the administrator *de bonis non* had made a just and true account of the condition of the estate to the court; that the personal estate of the deceased was insufficient to pay the debts, and that the amount of the deficiency was $223, besides interest and costs accrued and to accrue from the date of the filing of the petition; and that these findings of fact must be presumed to have been supported by the proofs presented upon the hearing, since plaintiff in error did not cause the evidence to be preserved by a certificate of evidence and has obtained from us an order striking from the record the certificate of evidence obtained by defendant in error. The fourth error assigned is omitted by plaintiff in error from his ab-

stract and is not argued in his brief and must be considered abandoned. But if it were not waived, we do not understand that the fourth assignment means that the court erred in ordering a sale of the real estate, but that the court should not have ordered the sale of all of it, but only of so much thereof as would suffice to pay the deficiency. Here again, plaintiff in error, in the absence of a certificate of evidence, is bound by the finding in the decree that it will be necessary to sell the whole of the real estate to pay said deficiency and that a portion of the real estate cannot be sold without manifest prejudice to the heirs of deceased. Plaintiff in error in his answer, filed below, admitted the allegation of the petition that this was, before Thomas W. Burley died, and at the time of his death, his homestead, and has ever since been occupied by his widow, Theodotia Burley, as her homestead, but he denied the allegation of the petition that the same was and had always been worth less than $1,000. He did not allege that it had ever been worth more than $1,000 but only denied that it had been and was worth less. The homestead estate allowed by law is of the value of $1,000. Thomas W. Burley had died and the original administration had been begun in 1877, and plaintiff in error in his answer alleged that the administrator was barred by laches and delay from selling this real estate to pay debts; but it is well settled that, if all the assets have been exhausted except the homestead, not worth over $1,000 which the widow continues to occupy as a homestead, holders of unsatisfied claims may wait till the homestead estate is extinguished before applying for a sale of the property, no matter how great the lapse of time. People v. Lanham, 189 Ill. 326; Hanna v. Palmer, 194 Ill. 41; Graham v. Brock, 212 Ill. 579; White v. Horn, 224 Ill. 238. Hence, if plaintiff in error by his assignments and argument had not abandoned his defense of laches, still it could not be maintained. The decree did not expressly find the premises worth less than $1,000 but only by implica-

tion, but plaintiff in error had not alleged that it was worth over $1,000 and had raised no material issue on that subject. The decree found that the widow had filed her consent in writing to the sale of her homestead and dower interests, and plaintiff in error has not raised the question whether, under those circumstances, real estate can be sold to pay debts.

As to the third assignment, it is obvious that the costs attending a sale of real estate to pay debts must be paid out of the proceeds of the sale, and that they cannot be determined beforehand with precise accuracy. The petition charges, and the decree finds, that Thomas W. Burley left no descendants, but left a large number of collateral heirs, including W. Leslie Lowe, and that they were duly notified; and the decree finds also that Theodotia Burley, the widow, had purchased and obtained conveyances of this real estate from all the collateral heirs except W. Leslie Lowe. Except as to costs, the deficiency shown in the just and true account is for an unpaid portion of the widow's award and the interest thereon. Plaintiff in error urges that interest is not allowable on a widow's award, and that, if it is allowable thereon after the widow has elected to take it in money, it is not found here that she had so elected. It is clear that interest cannot be allowed from the date when the widow's award is made. Stunz v. Stunz, 131 Ill. 210; Field v. Field, 215 Ill. 496. The Stunz case intimates that it may be so allowed after she has elected to take it in money. By finding that the administrator *de bonis non* had filed a just and true account and that the deficiency was so stated, the court found that Mrs. Burley was entitled to interest on the award, and if, to obtain a correct conclusion to that effect, it was necessary to show a money judgment therefor, we must assume in the absence of a certificate of evidence that such showing was made. But in the additional record filed by defendant in error, which we have allowed to stand, is, among other proceedings and or-

ders in the estate, a money judgment in favor of the widow for a certain balance due her on her widow's award, to be paid in due course of administration as a claim of the second class. We are of opinion that the widow was entitled to interest on that judgment, and the correctness of the computation of interest thereon in the just and true account is not questioned by plaintiff in error.

We are of opinion that the errors alleged are not well assigned, and the decree is therefore affirmed.

*Affirmed.*