# Frank Deason, Appellee, v. County of Williamson, Appellant.

1. ASSUMPSIT, ACTION OF, § 33*—*when common counts proper to recover for services under Pauper Act.* A physician who has treated paupers and cyclone sufferers under the Pauper Act, J. & A. ¶¶ 8355 *et seq.,* is entitled to recover from the County for such services under the common counts.

2. PAUPERS, § 25*—*right of physician to recover for aid to persons not paupers.* To entitle a physician to recover under section 24 of the Pauper Act, J. & A. ¶ 8378, for treatment of cyclone sufferers, he must show that those treated did not come within the definition of paupers, that they were injured or had fallen sick and that they have neither money nor property to pay for medical aid.

3. APPEAL AND ERROR, § 1506*—*when refusal to permit cross-examination of plaintiff reversible error.* In an action by a physician to recover from the County for treatment of paupers and cyclone sufferers, refusal to permit cross-examination of plaintiff to show that other physicians had performed some of the services sued for and what the arrangement was between them, *held* reversible error.

4. PAUPERS, § 22*—*when instruction improper.* In an action by a physician against the County to recover for treatment of paupers and also for treatment of cyclone sufferers, an instruction given for plaintiff which directed a verdict and told the jury as a matter of law that if they believed the services were ordered by the overseer of the poor the plaintiff would be entitled to recover, *held* erroneous as authorizing the jury to return a verdict for the claims without stating the necessary elements to entitle plaintiff to recover.

5. PAUPERS, § 25*—*when instruction on right of physician to recover for treatment of cyclone sufferers erroneous.* An instruction

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

based on the right of a physician to recover from the County for the treatment of cyclone sufferers, *held* erroneous where it does not include the element that the parties treated were without means to pay for the medical aid.

6. PAUPERS, § 22*—*when instruction on right of physician to recover for treatment erroneous.* An instruction based upon the right of a physician to recover from the County for treatment of paupers and cyclone sufferers which told the jury that if the supervisor employed plaintiff to render medical aid to the parties mentioned in the suit, the plaintiff would be entitled to recover a fair and reasonable compensation for his services, *held* erroneous.

Appeal from the Circiut Court of Williamson county; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed July 28, 1914.

D. T. HARTWELL and GEORGE R. STONE, for appellant.

NEELY, GALLIMORE, COOK & POTTER, for appellee.

MR. JUSTICE HARRIS delivered the opinion of the court.

The appellee, a physician, a resident of Bush, Williamson County, brought this suit for professional services rendered to paupers, and for professional services rendered in an emergency case, following a cyclone passing through the village of Bush, April 21, 1912, and to recover therefor filed his declaration consisting of the common counts.

The defendant filed thereto the general issue. A trial upon the issues resulted in a verdict and judgment for the sum of $289, from which this appeal is prosecuted.

Appellant contends that this verdict is excessive, admitting liability to the amount of $156. The right to recover in this suit is based upon two sections of the statute. The first, waiting upon Mabel Minor and Florence Lewis, paupers. (Sections 18 and 20 of chapter 107, R. S., J. & A. ¶¶ 8355, 8362, 8372.) The

---

*See *Illinois Notes Digest*, Vols. XI to XV, and *Cumulative Quarterly*, same topic and section number.

second, for waiting upon the cyclone sufferers under section 24 of the same chapter. (J. & A. ¶ 8378.)

It is contended by appellant that there could be no recovery as to the Minor and Lewis claims except for the services after the supervisors had been notified of their condition and authorized treatment. Appellant insists there can be no recovery for treatment of cyclone victims because, under the common counts, an expressed or implied promise to pay or an expressed or implied request to perform services is essential to a recovery.

Appellant insists that error was committed in the admission of evidence and restriction of cross-examination of appellee; that the court committed error in the giving of appellee's instructions 2, 4 and 6.

The statute upon which appellee proceeds is a humane provision of the law for the protection of the unfortunate where they prove to be paupers, and where they are not paupers but where in an emergency they are unable to take care of themselves. However, the existence of such provisions of the law does not mean that a generous people in providing such a law are not to be protected in having those charged with the performance of duty under the law, before they can recover, perform it, in the manner and the way the law provides. In other words, where certain powers and rights are delegated to certain persons by the Legislature to appropriate to their own use funds out of the public treasury, they must do it within the law and according to law. From an examination of the record in this case on account of the refusal of the court to permit a cross-examination of appellee upon the question of his interest in the subject-matter of the suit and the giving of the instructions 2, 4 and 6 for appellee this cause must be reversed for another trial, the facts will not be discussed except to dispose of these questions.

A recovery may be had under the two sections of the statute involved under the common counts where the facts authorize a recovery. Under the section of the statute which appellee seeks recovery for treatment of Mabel Minor and Florence Lewis, they must be shown to be paupers, and treated under the direction of the supervisor or after notice to the supervisor of their condition and with his acquiescence to raise either an expressed or implied promise to pay. This would not operate to bind the County to pay for treatment administered prior to such time. *County of Clinton v. Pace,* 59 Ill. App. 580.

Under section 24 of the Pauper Act (J. & A. ¶ 8378), appellee was authorized to treat the cyclone sufferers where prompt and immediate action is required without notice to or permission from the supervisor. To entitle appellee to recover under this section he must show:

First. That those treated did not come within the definition of pauper; second, that they were injured or had fallen sick; third, that they have neither money nor property to pay for medical aid. *County of Clinton v. Pace,* 59 Ill. App. 577.

It is always necessary for the party seeking to recover to show that the cause of action belongs to him, and a cross-examination of a party as to his interest in the money to be recovered is proper and it is error to deny. Where it was sought on cross-examination of appellee to show that other physicians had performed some of the services charged for by appellee and what the arrangement was between them was proper and the denial was error.

The evidence in this case called for a finding of the jury on the question of when the supervisor was first notified and permitted the Minor and Lewis treatment, and who treated the cyclone sufferers and what was a reasonable charge therefor.

It would follow that the admission of evidence upon these issues should be free from error and the jury

accurately instructed. It is true instructions were given for appellant defining the issues under these two sections of the statute, but when read with appellee's given instructions 2, 4 and 6 they are in conflict therewith and misleading. Appellee's given instruction number 2 directs a verdict and tells the jury as a matter of law that if they believe the services were ordered by the overseer of the poor that appellee would be entitled to recover a reasonable and fair compensation for the services rendered. It includes services rendered or claimed by appellant to have been rendered even prior to notice in the Minor and Lewis claims; and also that the order would include a right to recover for treatment of cyclone sufferers.

This instruction would authorize the jury to return a verdict for all these claims they believed fair and reasonable without the necessary elements to entitle a recovery and should not have been given.

Appellee's instruction number 4 is based upon the right to recover for treatment of cyclone sufferers without permission of the supervisor, and should have included the elements that an emergency existed and that the party injured had no property or means to pay for medical aid, and because the instruction did not include, "That the parties treated were without means to pay for the medical aid," this instruction should not have been given.

The complaint as to the giving of appellee's instruction number 6 for the reasons given as to appellee's number 2 and for the further reason that it told the jury that if the supervisor employed appellee to render medical aid to the parties mentioned in this suit, he would have a right to recover a fair and reasonable compensation for services so rendered.

The parties mentioned in the evidence included parties who were treated under a different section of the statute, and this instruction gave the jury the oppor-

tunity to find under the law that if the supervisor had been spoken to about the treatment of Minor and Lewis and had so directed treatment without any further showing, that would bind the County as to treatment of cyclone sufferers. This instruction should not have been given.

We think the errors in the admission of evidence and the giving of instructions go to the merits of the case, and the judgment will have to be reversed and cause remanded.

*Reversed and remanded.*