F. Buckmaster et al. Trading as Effingham Clinic, Appellants, v. County of Effingham, Appellee, and Town of Mason, Coappellant.

Opinion filed November 8, 1939.

Parker, Bauer & Parker, of Effingham, for appellants.

Paul Taylor, of Effingham, for coappellant.

Lester Wright, of Effingham, for appellee.

Mr. Justice Culbertson delivered the opinion of the court.

Plaintiff appellants, a group of physicians (hereinafter called plaintiffs) sued the county of Effingham (hereinafter called the county) and the town of Mason (hereinafter called the town) for the value of medical and surgical services which were rendered to various persons, residents of the town and county, who were not financially able to pay therefor. The complaint

alleges that the services were rendered at the direction of and authorized by the township supervisor and exofficio overseer of the poor of said town. The complaint consists of six counts varying only as to the names of the patient and parent and amounts due. The plaintiffs bring this suit in the alternative against both the county of Effingham and the town of Mason under what is commonly known as the Pauper Act (Ill. Rev. Stat. 1937, ch. 107, § 1 *et seq.;* [Jones Ill. Stats. Ann. 98.01 *et seq.*]). The first count of the complaint alleges that on August 30, 1937, one Irene Buchholz was a minor child of John Buchholz and both were residents of the town of Mason, Effingham county; that the said Irene Buchholz then and there fell violently and dangerously sick and ill, and as a result thereof it was necessary that she have immediate medical attention and that an emergency existed as to the physical condition of said patient; that the township supervisor of the town of Mason caused her to be brought to a hospital in the city of Effingham in said county and that services were rendered by plaintiffs at the request of the township supervisor, which services were of a reasonable value of $64; that the action is instituted under section 24 and section 15 of the Pauper Act hereinabove referred to. It is expressly alleged that neither the said Irene Buchholz nor her father had previously been on township or county relief and that neither the patient nor her father had any money or property with which to pay for such attention and services; that the father was a day laborer and was able to provide for his family and children, in health, with the necessities of life. In their material allegations, the other counts are identical with the first count.

The city of Effingham and town of Mason each filed separate motions to strike said complaint upon the ground that the complaint showed no cause of action against each of said defendants. Upon hearing, the

trial court overruled the motion on the part of defendant town of Mason, and sustained the motion of the county of Effingham, on the theory that public relief or assistance to lawful residents must in all cases be given by the township under the provisions of section 15 of the Pauper Act, and that section 24 does not apply to such "lawful residents" as are involved in the proceedings here before the court.

Plaintiffs elected to stand by their complaint and judgment was entered in favor of defendant county of Effingham and against plaintiffs in bar of the action and for costs. Plaintiffs have appealed from this decision and judgment of the trial court, and the defendant town of Mason has joined therein as coappellant. The issue upon which all the parties seek the judgment of this court is stated by appellants as follows:

"1. Appellee contends that in all cases, irrespective of the circumstances or emergency that may exist, the expense of medical aid given persons not able to pay therefor, and who are residents of the Township, must be borne by the Township (if any public authority is liable) under Sec. 15.1. This view was sustained by the trial Court.

"2. Appellants and Co-Appellant contend that one who may be a poor person, but who has not received public aid, and is ordinarily self-supporting, but who in an emergency, arising from sudden severe illness, accident, etc., requires immediate medical attention, for which he cannot pay, is not necessarily either a 'pauper,' or a 'poor and indigent person;' but that he may be a 'person not coming within the definition of a pauper' under Sec. 24, who, if he shall fall sick, not having money or property to pay for his medical aid, is entitled to said aid at the expense of the County."

The issue raised, therefore, is whether or not, under the state of facts set forth in the complaint, the county of Effingham shall be liable for the expense involved in the giving of medical attention to a resident of the

town and county under the provisions of section 24 of the Pauper Act. The sections involved in this proceeding provide as follows [Ill. Rev. Stat. 1937, ch. 107, §§ 15.1, 25.; Jones Ill. Stats. Ann. 98.15, 98.27]:

"Section 24. When any non-resident, or any person not coming within the definition of a pauper, of any city, village or incorporated town having a population of more than 500,000 inhabitants, county or town, shall fall sick or die, not having money or property to pay his board, nursing and medical aid or burial expenses, the overseer or overseers of the poor of the city, village or incorporated town, town or precinct in which he may be shall give, or cause to be given to him such assistance as they may deem necessary and proper, or cause him to be conveyed to his home, and if he shall die, cause him to be decently buried; and the county shall pay the reasonable expense thereof, which expenses of board, nursing, medical aid and burial expenses, may be recovered from the relatives of the said pauper, or from the county of which he is a resident, in an appropriate action.

"Section 15. In counties under township organization. (including any such counties in which the county affairs are managed by a Board of Commissioners) the various towns other than those towns lying entirely within the corporate limits of any city, village or incorporated town having a population of more than 500,000 inhabitants shall relieve and support all poor and indigent persons lawfully resident within their respective territories except as herein otherwise provided and except that no such town shall be required to relieve and support poor and indigent persons lawfully resident therein who are also lawful residents of any city, village or incorporated town having a population of more than 500,000 inhabitants and located within or partly within such town."

In *Cloyd v. County of Vermilion*, 360 Ill. 610, the court was considering a complaint which closely paral-

leled the complaint involved in the instant case. In that case the complaint alleged that the boy and his parents resided in the town of Butler and that they had not previously been receiving township or county relief, but that they were unable to pay for the medical and surgical services. The court in confirming the judgment against the county for the value of medical and surgical services, after sustaining section 24 of the Pauper Act as constitutional, stated (at p. 614): "Webster's International Dictionary defines a pauper as a very poor person; a person destitute of means except such as are derived from charity; one who receives aid from public poor funds. Those mentioned in section 24 who are unable to pay for nursing, medical expenses or their burial expenses if they die are certainly included in the commonly understood meaning of the word 'pauper,' even though they may not be paupers in the technical, legal definition of the word. In such emergency they must receive aid from the public poor funds or from charity."

The court in disposing of the contention that the county was not liable also stated that section 24, as contrasted with section 15, deals explicitly with emergency cases arising among those persons not technically paupers, but who are nevertheless unable to pay the necessary expense incident to their illness or death. The court says (at p. 615): "as has been pointed out, the legislature has by express language designated such a person as a pauper, and it has also definitely placed the burden of such cases upon the county."

Many cases have similarly concluded that the county may be liable under such facts or under similar circumstances (*Deason v. County of Williamson,* 188 Ill. App. 316; *County of Clinton v. Pace,* 59 Ill. App. 576; *Scobey v. Town of Manteno,* 56 Ill. App. 336; *City of Chester v. County of Randolph,* 112 Ill. App. 510; *City of Spring Valley v. County of Bureau,* 115 Ill. App. 545).

It is contended by the county that section 24 has been upon the statute books in substantially its present form both when the burden of relief was on the townships and when it was on the counties, and it is suggested that with section 15 in force it cannot be held that section 24 creates an exception to section 15. In the same connection, it is sought to distinguish the case of *Cloyd v. County of Vermilion, supra,* on the ground that the court sustained the constitutionality of section 24, but concluded that the persons mentioned therein are paupers and that the section is contradictory in that in express terms it does not apply to persons coming within the definition of ''paupers.'' To round out the contention of the county in the same connection, it is stated that nothing in section 15 makes any distinction between paupers who become such by degrees or by a sudden calamity.

We are unable to agree with the contentions advanced on behalf of the county. If, as is implied from the contentions of the county, section 24 constitutes one of the vestigial remains of a legislative pattern which was devised at a time when the counties sustained the relief burden, then the problem of amputation or excision of such provision is one for the legislature and not for the courts. The function of the courts is to construe and not to enact legislation. Nor can we sanction atrophy or nullification of legislative enactments under the guise of judicial interpretation in violation of express language of legislative enactments. Section 24 clearly establishes an obligation upon the county to pay for the medical and surgical expenses of those persons who are not technically paupers, but who are nevertheless unable to pay the necessary expenses of their illness. In the instant case it was expressly alleged in the complaint that the father was able to provide the necessities of life for his family and children in health. Under the express provision of section 24, as consistently interpreted in

the case of *Cloyd v. County of Vermilion, supra,* the burden of such expenses is imposed on the county.

We accordingly conclude that the action of the circuit court of Effingham county was erroneous in sustaining the motion of the county of Effingham to strike the complaint of the plaintiffs. This cause will, therefore, be reversed and remanded to the circuit court of Effingham county with directions to proceed in accordance with the views set forth in this opinion.

*Reversed and remanded.*