# John A. Ayers, Appellant, v. City of Jacksonville, Appellee.

1. MUNICIPAL CORPORATIONS—*when bill to enjoin city from acting under a contract is not demurrable.* A bill to enjoin a city from acting under a contract with a well drilling company is not demurrable where it alleges non compliance with R. S. c. 24, art. IX., § 50, as to bids on public work, and certain ordinances, sets forth ordinances containing certain requisites as to contents of advertisements, estimate of cost and preparation of plans and avers noncompliance therewith, and that the advertisement called for bids for boring wells while a contract was let for boring wells and installing pumps and other equipment, and that the price is excessive.

2. MUNICIPAL CORPORATIONS—*necessity of setting up defense of laches in answer.* Where a taxpayer suing to enjoin a city from acting under a contract has not in his pleading undertaken to excuse the delay, if the city desires to make avail of the defense

of laches it must set it up in its answer, so as to give the com-
plainant an opportunity to amend by making allegations accounting
for the delay.

3. MUNICIPAL CORPORATIONS—*when delay in bringing cause to
hearing is not harmful.* On a proceeding to enjoin a city from act-
ing under a contract it cannot urge laches and delay in bringing
the cause to a hearing where the only work done under the con-
tract was not objected to by the complainant and the city could
have expedited the hearing as well as the complainant.

4. OFFICERS—*authority to act.* Where public officers derive their
powers from and their duties are prescribed by statute, all persons
dealing with them in reference to public affairs are bound to take
notice of their powers and duties and to see that such officers are
acting within the scope of their authority.

Appeal from the Circuit Court of Morgan county; the Hon. OWEN
P. THOMPSON, Judge, presiding. Heard in this court at the Octo-
ber term, 1911. Reversed and remanded. Opinion filed March 15,
1912.

**Statement by the Court.** John A. Ayers, a resi-
dent and taxpayer in the city of Jacksonville, in be-
half of himself and all other taxpayers in said city,
filed a bill in chancery, returnable to the May term of
the Circuit Court of Morgan county, praying an in-
junction restraining the city of Jacksonville from tak-
ing any steps to carry out a contract made by the said
city with the American Well Works Company, of date
February 24, 1911, for furnishing electric driven deep
well pumps, etc.

The bill alleges that the city of Jacksonville is a
city incorporated under chapter 24, of the Revised
Statutes of Illinois, and that among the ordinances
of the city are the following: Sec. 575. "Where any
public work shall be ordered by the city council of the
city of Jacksonville, and before the letting of any
contract therefor by the city, the probable cost of such
work shall be first ascertained."

Sec. 506. "All contracts for the making of any
public improvements in said city, to be paid for in
whole or in part by special taxation, and any work or
other improvement, when the expenses thereof shall

exceed the sum of $500 shall be let to the lowest responsible bidder therefor in the manner hereinafter prescribed, provided that any such contract may be entered into * * * without advertising for bids * * * when authorized by a vote of two-thirds of all the aldermen elected to the city council.''

Sec. 507. Whenever any local or public improvement shall be ordered it shall be the duty of the city engineer to prepare a plan and profile of the improvement and specifications, which shall be kept on file in his office and open to inspection of any person interested.

Sec. 508. Provides for advertising for bids for improvements for ten consecutive days, which advertisement shall state the nature and extent of the improvement; the place where the specifications thereof may be seen; when and where the bids will be opened, and that the right to reject any and all bids shall be reserved in the advertisement.

It is alleged that on February 9, 1911, the city council passed a resolution directing the city clerk to advertise ''for bids for two twelve inch wells to be put down and equipped same as other wells at the Widenham-Daub Wells. Specifications will be in the city clerk's office after February 11, 1911, bids to be opened February 23, 1911, at regular meeting of city council;'' that Earl M. Henderson is the public engineer of the city of Jacksonville and that no plan of the proposed improvement or specifications were prepared by the public engineer and there was no estimate of the probable cost, but that certain specifications were prepared by C. S. Cummin of Gardner, Illinois, which were incomplete and were placed on file in the office of the city clerk, but were never approved by the public engineer of the city of Jacksonville, and that on February 11th, 18th and 21st, an advertisement was inserted in the Illinois Courier, a newspaper published in the city of Jacksonville as follows:

"Bids for Wells.

Sealed bids for furnishing all material, machinery and labor for drilling two 12-inch inside diameter wells and drilling test holes, will be received at the office of the city clerk of the city of Jacksonville until February 23rd, 1911, at 12 o'clock noon.

Each bidder is required to give a certified check in the sum of 10 per cent of the bid, that he will enter into contract to complete the work.

George W. Davis,
City Clerk."

It is further alleged that on February 23, 1911, at a meeting of the city council, two bids were opened, one from the United Well Works Company for $3,580 and one from the American Well Works Company for $7,832, and they were referred, by a vote of seven to two, out of twelve aldermen, to the public improvement committee of the council, with power to act; that on March 2, the public improvement committee made a report, that it had entered into a contract on February 24, 1911, with the American Well Works Company of Aurora for drilling two wells, and for the furnishing and installing of two electric driven deep well pumps with all pipes, fittings, motors, foundations, etc., according to the specifications for $7,832. The contract provides that the work shall be begun on or before March 2, 1911, and that the same shall be completed according to the specifications within fifty days from the date thereof.

It is also alleged that the contract is invalid because of the omission to advertise for bids for pumps, motors, foundations, etc., as required by the statute and ordinances of the city, and that the specifications prepared were exceedingly favorable to the only bidder upon the work; that the American Well Works Company has its employees at work digging the wells and will proceed within a few weeks to install said deep well pumps and other equipment and the city of Jacksonville will pay the contract price therefor, to the irreparable injury of complainant.

The bill was afterwards amended by inserting that the cost of the improvement will exceed $500 and the lowest bid received therefor was $3,580, that the reasonable expenses of drilling each of said twelve-inch wells will not exceed $200 and of each of the test holes $25, that the contract price is at least $2,000 in excess of the sum at which a contract might have been let to competent and responsible parties for the work and material in the specifications, if proper and legal notice had been given. The bill and amendments are verified. A general demurrer was filed to the bill as amended, which was sustained and the bill dismissed for want of equity.

WILLIAM N. HAIRGROVE and BELLATTI, BARNES & BELLATTI, for appellee.

WORTHINGTON & REEVE and KIRBY, WILSON & BALDWIN, for appellant.

MR. JUSTICE THOMPSON delivered the opinion of the court.

Section 50 of Art. IX, of Chapter 24, of the Statutes, requires all public work in cities, when the expense thereof shall exceed $500 to be let to the lowest responsible bidder in the manner to be prescribed by ordinance, provided that such contract may be entered into by the proper officer without advertising for bids by a vote of two-thirds of the aldermen. The ordinance of appellee provides that the city engineer shall prepare plans and specifications for any public improvement when one is ordered; that proposals for bids shall be advertised for ten days, and that the advertisement shall state where specifications for the improvement may be seen with the time when and the place where the bids will be opened.

The advertisement in the present case contains no reference to specifications nor when or where the bids

will·be opened. It only asks for bids for drilling two twelve-inch wells and test holes, which the bill represents will not cost over $500. Under such advertisement, bids were received from two bidders, one offering to do the work according to the specifications for $3,580, the other for $7,832. On February 23, 1911, by a vote of seven aldermen out of twelve, the bids were referred to a committee with power to act. The committee entered into a contract with the highest bidder to do the work and furnish the equipment for $7,832. This contract was approved March 2, 1911, by the vote of only seven aldermen.

The bill praying to have the city enjoined from acting under or recognizing this contract was filed April 28, 1911, to the May term of court, which began May 8th. On the first day of the term the defendant asked for time to answer and it was given until May 15th when it filed a general demurrer. No further action was taken by either party until June 30th when the demurrer was sustained. The complainant on July 3rd amended his bill. The original demurrer was permitted to stand as a demurrer to the amended bill, and on July 3rd the demurrer was sustained and the bill dismissed for want of equity.

Appellee insists that the demurrer was properly sustained for two reasons (1) that complainant was guilty of laches in filing his bill, and in his further failing for practically two months to make any effort to bring the matter to a hearing before the court, (2) if the advertisement was insufficient yet ''the contract was not *ultra vires* and the city was urging the contractor on with the work and accepted the benefit.''

As to the first contention of appellee the question of laches was not raised in the trial court. Where the complainant has not in his pleading undertaken to excuse the delay, the defendant ·if he desires to avail himself of the defense of laches must set it up in his answer, so. as to give complainant an opportunity to amend by making allegations accounting for the delay.

Hutchinson v. Bambas, 249 Ill. 624; Henshaw v. State Bank, 239 Ill. 515; Zeigler v. Hughes, 55 Ill. 288. The bill alleges that the contractor is engaged in boring the wells and will within a few weeks proceed to install the pumps, etc. It does not appear that at the time the bill was filed, anything had been done by the contractor except part of the work called for in the advertisement and no injunction is sought against the digging of the wells. The defendant city, if it was interested in having the suit disposed of, could have expedited the hearing as well as the complainant after the term began.

No question is made concerning the apparent defect of parties. The contractor, to whom the city awarded the contract, is not made a party, but no mention of that fact is made by either party to the suit, although the rights of the contractor are such that the final decree might have materially affected it. Since counsel for neither party has discussed this question, we are not called upon to express any opinion concerning it.

The bill alleges that the contract made by the city was invalid because of the failure of the city to comply with the statute and ordinances in reference to letting contracts for public work by the city and the requirement of the ordinances that the advertisement shall state the nature and extent of the improvement with the place where the specifications may be seen. The ordinances also require that before a contract is let an estimate shall be obtained of the probable cost. The advertisement for bids only asked for bids for boring wells. The bill alleges that the expense of boring the wells will not exceed $500 and yet a contract for boring wells, installing pumps and other equipment, etc., at an expense of $7,832 was made under this advertisement. It is alleged the contract price is much in excess of the reasonable value of the work and material contracted for and was made when there was a bid to do the work and furnish the equipment ac-

cording to the specifications for $3,580. The ordinances also require that the city engineer shall prepare plans and specifications and the bill alleges that the plans and specifications were neither prepared nor approved by the city engineer. If the allegations of the bill are true there appears to have been a total and wanton disregard of the law in the making of that part of the contract sought to be enjoined.

Cities are given by the statutes the right to contract for public improvements but in making contracts they must proceed according to law. There is a distinction "between contracts where the parties have an inherent power to contract, and contracts where as here, there is no inherent power to contract, but the contract is purely by virtue of a special statutory authority. In the former instance, the contract is presumed to be lawful, and it devolves upon those who claim its invalidity to show that it is unlawful. But in the latter instance, as we have heretofore shown precisely the reverse is held. The burden there is upon those seeking to enforce the contract to show that it is within the statutory authority. It is, therefore, not upon the plaintiffs in error in the first instance to establish the invalidity of those contracts, but upon the defendants to establish their validity." Dement v. Rokker, 126 Ill. 174.

Where public officers derive their powers from and their duties are prescribed by statute all persons dealing with them in reference to public affairs are bound to take notice of their powers and duties and to see that such officers are acting within the scope of their authority. Tammer v. Lavalle, 92 Ill. 263; Rogne v. People, 224 Ill. 449. The allegations of the bill charge the appellee with a total disregard of the statutes and city ordinances and are sufficient to require an answer. It was error to sustain the demurrer. The decree is reversed and the cause remanded with instructions to overrule the demurrer.

*Reversed and remanded.*