## St. Rose of Lima Congregation of Quincy, Illinois, Appellee, v. Estate of Anna E. Hopkins, Deceased. David W. Mumper, Administrator, Appellant.

EXECUTORS AND ADMINISTRATORS, § 273*—*when Probate Court power to set aside order of allowance of claim after term.* Where a claim against an estate was allowed by mistake and in violation of the terms of a stipulation between the administrator and the claimant, whereby it was agreed that no order should be entered until further hearing, *held* that the order allowing the claim should have been set aside on the administrator's petition though filed after the close of the term at which it was made, the administrator not having learned of the entry thereof, prior to that time, since a Probate Court has in such cases powers of a court of equity over its orders.

Appeal from the Circuit Court of Adams county; the Hon. ALBERT AKERS, Judge, presiding. Heard in this court at the October term, 1915. Reversed and remanded with directions. Opinion filed April 21, 1916. Rehearing denied June 30, 1916.

WALTER H. BENNETT, for appellant; JESSE HEYLIN, of counsel.

MARTINDALE & SCHERER and HUBBARD & GROVES, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE THOMPSON delivered the opinion of the court.

At the January term of the County Court of Adams county, the St. Rose of Lima Congregation of Quincy, Illinois, presented a claim against the estate of Anna E. Hopkins, deceased, of which David W. Mumper is the administrator with the will annexed. The claim was verified on January 14th, on or after which date it was filed. The claim as presented is:

"Estate of Anna Hopkins, deceased—
     To St. Rose of Lima Congregation of
     Quincy, Ill.
June 14, 1911, To Balance of amount sub-
     scribed for building of St. Rose of Lima
     Church ........................... $400.00
Nov. 7, 1912, To amount of subscription for
     a marble altar for family of deceased, to
     be erected in St. Rose of Lima Church,
     of Quincy, Ill........................$2,500.00
          Total ........................$2,900.00"

On April 6, 1914, the County Court made an order allowing the claim in the sum of $2,900; the judgment reciting that the claim had heretofore been set for hearing on April 4th at 4 p. m., and that the claimant and the administrator both appeared in court in person and by their attorney.

On December 22, 1914, David W. Mumper, administrator, etc., Frank Bryson, administrator of the estate of Louise M. Murphy, deceased, of the county of Los Angeles, California, James W. Murphy of Bally-brophy, Ireland, sole heir of Louise M. Murphy, deceased, and John P. Murphy of Los Angeles, assignee and trustee of James W. Murphy, filed in said estate in the County Court, an amended petition verified by the administrator of Anna E. Hopkins, deceased, praying that the judgment of the allowance of the claim of St. Rose of Lima Congregation for $2,900 be set aside or modified so as to conform to the true finding of the court.

The amended petition sets up that the claim day for said estate was January 5, 1914, and that this claim was not filed until after that date; that on April 3, 1914, the administrator objected to a hearing at that time as he knew nothing about the claim having been filed and had no personal knowledge of the claim and had not had an opportunity to investigate it, but entered into an agreement in the presence of the court that for the convenience of claimant and its witnesses, a partial hearing should be had to determine the amount of the claim but that no order should be entered by the court which should be conclusive of the rights of the estate; that the administrator of the estate relying upon the agreement made at the time of the tentative hearing that the claim should come for final hearing at some future time, took no further steps therein; that neither the administrator nor any person authorized to represent him was present in the County Court either on April 4th or April 6th; that the claim of the St. Rose of Lima Congregation is not a valid claim or a liability against said estate; that the decedent Anna E. Hopkins paid in full and received a receipt in full for her subscription to the building of St. Rose of Lima Church; that the claim for $2,500 is without consideration and was revoked by her death; that the judgment of April 6th was entered without further notice to the estate; and that neither the administrator nor the heirs learned of the entry of the judgment until long after the term had expired. The claimant filed a demurrer to the amended petition assigning special causes.

On March 5, 1915, the County Court sustained the demurrer and dismissed the petition. The estate appealed to the Circuit Court where on a hearing the demurrer was again sustained, and the estate standing by the petition the court rendered judgment that "the *appellee* go hence without day." Whereupon

THIRD DISTRICT—APRIL, 1916. 319

St. Rose of Lima Congregation v. Hopkins, 201 Ill. App. 316.

the estate prayed and perfected an appeal to this court.

The record in this case is very imperfect. It does not show when the claim was filed in the County Court. The petition to have the allowance of the claim set aside and vacated is lacking in many things that should be in it. It does not set up what, if any, interest any of the parties named as petitioners have in the matter or how they are interested in the estate, nor does it state when it came to the knowledge of the administrator that the claim had been allowed, except that it states that it was long after the term of court had closed. The record does not show whether or not the estate was represented by an attorney when the agreement was made on April 3rd, neither does it show when the original petition to have the judgment vacated was filed nor is that petition in the record.

The judgment entered in the Circuit Court is somewhat unusual. The claimant was the appellee in that court where the hearing on the petition to set aside the allowance of the claim was *de novo*. (*Cort v. Massie*, 171 Ill. App. 129.) The judgment in the Circuit Court is that "appellee (claimant) go hence without day." The judgment in the Circuit Court in effect is a judgment refusing to allow the claim against the estate.

While but few facts are set up in the petition, such as are set up must be taken as true. The administrator knew nothing about the claim having been filed and did not know anything about the facts involved, and desired time to investigate the claim. It was agreed that for the convenience of the claimant and its witnesses, its side of the case should be heard and that no order should be entered that should be conclusive on the estate, and that the matter should come on for final hearing at some future time, and that shortly thereafter, in violation of the agreement, judgment

was entered by ''special order'' as appears from the indorsement on the claim, and that the estate did not learn of the allowance of the claim until after the term had closed. The petition sets up that, that part of the claim which is for the balance of Anna E. Hopkins' subscription to the building of the church was paid in full by Anna E. Hopkins in her lifetime, and that she took and the estate has the receipt from claimant in full.

The main contention of claimant is that the term of the County Court at which the judgment was entered having lapsed, before the motion was made to vacate the judgment, the County Court was powerless to alter or set aside the judgment at a subsequent term; another contention of claimant is that the administrator did not fully understand the effect of the agreement and that no advantage can be taken by him of a mistake of law.

While it is a correct proposition of law as to ordinary judgments of a court of record, that they are conclusive and cannot be vacated after the term has ended, it is not the law with reference to orders and the allowance of claims in the Probate Court in the administration of estates. ''A Probate Court acts upon general equitable principles in the settlement of estates, and whenever a court of equity would have jurisdiction on a bill in equity to set aside action taken at a previous term, or in another court, and to disregard the form in which a transaction had been placed, because of fraud or mistake, a Probate Court, on motion at a later term, can set aside its prior proceedings.'' *Allen v. Hempstead*, 154 Ill. App. 91. ''The County Court has general and unlimited jurisdiction in matters of administration, exercising such equity powers as are adapted to its organization and mode of proceeding. Such court, in the exercise of its equitable jurisdiction, may, on motion, at a subsequent

term, set aside its own order allowing a claim against an estate, if mistake or fraud has intervened.'' *Schlink v. Maxton*, 153 Ill. 447; *Sherman v. Whiteside*, 190 Ill. 576; *Strauss v. Phillips*, 189 Ill. 9; *Whittemore v. Coleman*, 239 Ill. 450.

From the showing in the petition the claim was allowed by the County Court by accident or mistake, or on a misunderstanding of the agreement made by the parties. If the estate has a receipt in full for the subscription to the building of the church, and the verified petition states that it has, then the presentation and allowance of such claim is a fraud, and its allowance having been obtained through a mistake or by fraud, the allowance should have been set aside. It is unnecessary to discuss the other contention of claimant. The judgment of the Circuit Court is reversed and the cause remanded with instructions to set aside the allowance of the claim and permit the estate to defend against it.

*Reversed and remanded with directions.*