# In the Matter of the Estate of James C. Hodson, Deceased.

## Josephine Hodson, Appellant.　　Zachariah Hodson, Appellee.

1. EXECUTORS AND ADMINISTRATORS, § 193*—*what are powers of Probate Court in passing on allowance of widow's award.* The only purpose of the amendment of 1909 of section 75 of the Administration Act (J. & A. ¶ 124), giving the Probate Court the right to hear evidence and substitute its judgment for that of the appraisers concerning a widow's award, was to broaden the powers of the court in that particular before any order or judgment had been entered, but not to leave the question open indefinitely so that any heir, devisee or creditor might contest the award at any time after the approval and before the estate was closed.

2. EXECUTORS AND ADMINISTRATORS, § 194*—*when order of approval of allowance of widow's award by Probate Court conclusive.* When a widow's award has been approved by the Probate Court and the time for an appeal from the order of approval has expired and there is no fraud or mistake in its allowance, it is conclusive against the world so far as the personal estate is concerned.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the Circuit Court of Shelby county; the Hon. WIL-
LIAM B. WRIGHT, Judge, presiding.    Heard in this court at the
April term, 1916.    Reversed and remanded with directions.    Opin-
ion filed June 10, 1916.

TRUMAN E. AMES and BROWN & BURNSIDE, for ap-
pellant.

W. C. & W. L. KELLEY and W. C. & T. M. HEADEN,
for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opin-
ion of the court.

James C. Hodson, a resident of Shelby county, died
testate.    His will was admitted to probate at the
February term, 1914, of the County Court, and his
widow, Josephine Hodson, who was nominated ex-
ecutrix without bond, qualified.    He left over $25,000,
in personal estate, and four hundred and forty acres
of land inventoried at $28,000 but worth about $100 an
acre.    He left no children.    The legatees in his will are
his widow and two half brothers, John and Zachariah
Hodson, and Fred Poland, a nephew of his wife.    The
will devises and bequeaths all his estate, except a leg-
acy of $2,000 given to Fred Poland, to his wife Jose-
phine for her use during her life.    After the death of
his wife a legacy of $1,000 is to be paid to his brother
John Hodson; two hundred acres of the land is devised
to Fred Poland and the remainder of his property is
given to his brother Zachariah.

A warrant of appraisal was issued March 7, 1914,
and the appraisers on March 28th fixed the amount of
the widow's award at $5,000.    The warrant with the
appraisement and the award was filed April 14th, and
the widow filed her election to take the award in
money.    On April 16th, the County Court entered an
order approving the appraisement and the award and
rendered judgment in favor of the widow for $5,000
against the estate on the award.    On December 31,

1914, the widow filed her renunciation of the provisions of the will and her election to take under the statute. At the death of the testator, he had on hand $4,944.88 in cash and $4,200 on deposit in two banks. After the award was approved the amount was by the executrix paid over to her private account.

On August 11, 1915, Zachariah Hodson, one of the legatees, filed a petition in said County Court, then presided over by a different judge than the one who made the order approving the award, alleging that the appraisement bill was approved without the knowledge or consent of petitioner, and stating that the award is unreasonable and unjust and praying that it be reviewed and diminished. The widow answered the petition denying that the allowance was unjust, and alleging that the appraisers were regularly appointed and qualified; that they made the award and that the allowance had been approved and judgment entered thereon and that she had accepted the same, and that fifteen months had passed since the rendition of said judgment approving the award, and that all said matters had been adjudicated at the April term, 1914, and that petitioner is barred by laches from questioning said judgment.

The County Court on a hearing upon the petition heard evidence and entered an order reducing the award to $2,000. The widow appealed to the Circuit Court where a similar judgment was rendered. The widow prosecutes this further appeal.

The only question in this cause is whether, after an award to a widow has been made against an estate and has been approved by the County Court, and the time for taking an appeal to the Circuit Court has expired, the judgment is final and cannot be directly assailed, when there is sufficient personal estate to pay the award and all debts of the deceased.

Counsel for the estate contend that under section 75 of the Administration Act as amended in 1909 (J. & A.

¶ 124), a widow's award is subject to review by the County Court on its own motion, or on a petition filed by the widow or any heir, legatee, devisee or creditor and, if unreasonable, the court may at any time increase or diminish the award.

Under section 74 of the Act prior to 1909, the widow's award was made up of twelve different items, some of which are subject to certain limitations. Section 75 of said Act required the appraisers to estimate the value of said several items.

It was uniformly held under that section that the County Court had power to set aside the award and direct a reconsideration, or for cause shown could remove the appraisers and appoint others, but that the court had no authority or right to modify the award. It was also the rule that the judgment of the County Court approving the award was a final order and appealable to the Circuit Court, and the judgment rendered on approving the award was conclusive against the heirs, legatees and creditors so far as the personal estate was concerned. The judgment on the award placed it in the same position as that of a claim allowed against the estate. (*Lane v. Thorn,* 103 Ill. App. 217; *Kenton v. Hager,* 150 Ill. App. 347; *Wood v. Johnson,* 13 Ill. App. 548.) A judgment of the County Court allowing a claim was conclusive against the estate with respect to the personal estate unless an appeal was taken to the Circuit Court, within the time allowed by the statute, or there was fraud, collusion, accident or mistake connected with the report of the appraisers or its approval by the court. When fraud or mistake had intervened, the County Court had ample authority to set aside the allowance of a claim at a subsequent term on a proper petition or motion. (*Schlink v. Maxton,* 153 Ill. 447; *Sherman v. Whiteside,* 190 Ill. 576; *Strauss v. Phillips,* 189 Ill. 9; *Whittemore v. Coleman,* 239 Ill. 450; *Ward v. Durham,* 134

Ill. 195; *St. Rose of Lima Congregation v. Hopkins' Estate,* 201 Ill. App. 316.)

The statute was amended in 1909. In place of the last eleven items to be estimated under the former act it now provides: ''Second—Such sum of money as the appraisers may deem reasonable for the proper support of herself and his minor children for the period of one year after the death of the testator or intestate, in a manner suited to her condition in life, taking into account the condition of the estate of the testator or intestate.

''Such allowance in no case to be less than $500 together with an additional sum not exceeding $200 for each minor child,''—the amount for the support of minors to be paid quarterly to the widow, or if she dies or abandons such minor then the amount allowed for such minor and remaining unpaid to become the property of the minor.

The statute, prior to 1909, did not contain any specific provision whatever concerning the duties of the County Court with reference to a widow's award further than it should be classified and entered by the court as a second-class claim. Section 75 of the Act, prior to 1909, concerns the duties of the appraisers and the duty of the executor or administrator to notify the widow of the award as soon as it had been made by the appraisers, and her duty to elect whether she would take it in property at its appraised value, or in cash, and required the representative of the estate, within thirty days after demand made, to turn over to the widow the property selected by her. The County Court, under its general powers in the administration of estates, made and entered judgments concerning the reports of appraisers and widows' awards beyond classifying them. It rendered judgment on the award which drew interest after approval and demand therefor. *Brown v. Burley,* 168 Ill. App. 114.

The section as amended in 1909 provides: "The allowance made as aforesaid by the appraisers shall be subject to review by the court and if unreasonable or unjust the court may refer the same back to the same appraisers or may appoint other appraisers to fix such widow's award; or, on the petition of the widow, the executor or administrator, heir, legatee or devisee, or creditor of the estate, may hear evidence, and upon such hearing may increase or diminish such award as justice may require. The costs of such hearing shall be taxed by order of the court in such manner as to equity shall appertain."

This section of the statute does not fix any time within which the allowance made by the appraisers may be reviewed, neither does it state that the court may review a judgment already entered by the court approving the award. While, under the former statute, the County Court, under its equitable powers in the administration of estates, had the right for cause shown to set aside an appraisement bill and the report of appraisers certifying an estimate of the value of items mentioned in the statute as a widow's award, and to order another made, or to remove the appraisers and appoint others, it had no power to substitute its judgment for that of the appraisers. *Miller v. Miller,* 82 Ill. 463; *Marshall v. Rose,* 86 Ill. 374; *In re Scoville's Estate,* 20 Ill. App. 426; *Field v. Field,* 117 Ill. App. 307.

The statute, as amended in 1909, gives the court the same right that it theretofore had under its equitable powers in such matters to set aside the report of the appraisers certifying the amount of the award, and to require them to make a new report or to remove the appraisers and substitute others. It also gives the court the additional right, which it did not have before, to hear evidence and substitute the judgment of the court for that of the appraisers. We think it was only the purpose of this statute to broaden

the powers of the County Court before any order or judgment has been entered approving the report of the appraisers concerning the award, but not to leave the question open indefinitely, so that any heir, devisee or creditor might contest the award, at any time after its approval, before the estate is closed.

An award, to the widow and children of a decedent, is made "for the proper support of the widow and his minor children for the period of one year after his death." (Section 74 of the Administration Act, J. & A. ¶ 123.) The statute provides that the part allowed for the support of the children is to be paid "in quarterly payments due and payable at the end of each quarter of the year for which the allowance is made." The widow is required to make her selection within thirty days after the notice of its allowance. If any heir or creditor can contest the allowance at any time before the estate is closed, an executor or administrator could not with safety pay the award or deliver the property selected by the widow, until a final report and order of distribution had been made, unless the widow and children had sufficient interest remaining in the personal estate to reimburse such representative in the event of the award being thereafter reduced. Such a construction of the statute in favor of heirs and creditors against the widow and minor children would defeat the very purpose of the award. The statute does not provide for a review of the award after it has been approved, and it should not be given such an unreasonable construction as is contended for by the petitioner. In this particular case fourteen months had elapsed after the court had approved the award before the legatee, who had notice of the application to probate the will, made any move to set aside the judgment.

The petition to have the award diminished does not allege or pretend that there was any fraud, collusion, accident or mistake in the allowance of the award.

The only claim made is that it is excessive. The statute as amended authorizes the court to hear evidence and reduce it, but it does not provide that it may do this after it has been once approved. We are constrained to hold that when the award has been approved and the time for an appeal from the order of approval has expired and there is no fraud or mistake in its allowance, it is conclusive against the world as far as the personal estate is concerned. The Circuit and County Courts erred in assuming jurisdiction on a petition filed in August, 1915, to set aside and reduce the judgment of the County Court entered at the April term, 1914. The cause is reversed and remanded to the Circuit Court with instructions to dismiss, at the costs of petitioner, the petition of Zachariah Hodson, filed August 11, 1915. The costs of this appeal will also be taxed to petitioner.

*Reversed and remanded with directions.*