Edgar Hamilton, Administrator, etc., et al., Defendants in Error, v. First State Bank of Willow Hill et al., Plaintiffs in Error.

Opinion filed February 12, 1929.

Junce C. Smith, for plaintiffs in error.

W. E. Isley, for defendants in error.

Mr. Presiding Justice Barry delivered the opinion of the court.

On October 9, 1925, Joshua Barton withdrew from his checking account in the First State Bank of Willow Hill $1,200 and procured a certificate of deposit therefor payable "to the order of myself or Carrie Kern or the survivor of them, on the return of this certificate properly endorsed." On November 20, 1925, he withdrew $300 from his checking account and procured another certificate of deposit therefor payable in the same way. Both of these certificates were retained by Mr. Barton until his death and were never in the possession of Carrie Kern.

Mr. Barton died intestate on May 21, 1926. He left his widow, Della Barton, and four children by a prior marriage. Carrie Kern is one of his children. After procuring the two certificates of deposit, Mr. Barton's checking account was reduced to $123.39. He had a small amount of personal property and his homestead, worth about $600, at the time the certificates were issued. After his death the personal prop-

erty was converted into cash and ·the total amount thereof, including any cash on hand, was $333.87. The widow's award was fixed at $500 and the funeral expenses amounted to $380. Some other claims existed and were allowed against the estate. The widow's award, the funeral expenses and other claims amounted in all to $934.98. The widow is still in possession of the homestead. The estate is insolvent and there is nothing to pay the widow's award unless it can be collected out of the said certificates.

The widow and the administrator of the estate filed a bill against plaintiffs in error to recover the amount of the certificates which were paid to Carrie Kern by the bank after the death of her father. When the widow's award was fixed in the county court the judgment allowing it placed it in the same position as that of a claim allowed against the estate. The widow's award, under the statute, is a claim of the second class. *Lane v. Thorn,* 103 Ill. App. 215; *Hodson v. Hodson,* 201 Ill. App. 412. She was then in the position of a judgment creditor for the amount of her award. A claim allowed by the probate court against an insolvent estate is a sufficient basis for a creditor's bill to reach personal property or real estate alleged to have been given away in fraud of creditors. *Eads v. Mason,* 16 Ill. App. 545; *Moore Furniture Co. v. Prussing,* 71 Ill. App. 666; *McDowell v. Cochran,* 11 Ill. 31; *Bay v. Cook,* 31 Ill. 336.

A husband cannot, by a voluntary conveyance without his wife's consent, deprive her of her right to the widow's award, which is a debt against his estate, and she is a creditor to the amount of her award. *Blankenship v. Hall,* 233 Ill. 116; *Deke v. Huenkemeier,* 289 Ill. 148. In the *Blankenship* case the husband had conveyed practically all of his land about 2 years prior to his death. The court held it was proper to make the widow's award a lien on the real estate conveyed if the personal property was insufficient to pay the

same. In the *Deke* case the bill was filed about 15 years after the husband made a voluntary conveyance of his land and the court held that the land should be subjected to the widow's award.

In view of the cases above cited we are of the opinion that the widow was entitled to maintain a bill to subject the proceeds of the certificates in question to the payment of her award as fixed by the county court.

Plaintiffs contend that the bill cannot be maintained by the widow and the administrator jointly. They insist that Mr. Barton gave his daughter the amount of the certificates, not as a gift, but as a matter of contract with the right of survivorship. Regardless of the form of the transaction, the net result was to give her $1,500 of his estate without consideration, if their contention is true. The widow insists that what was done was a fraud upon her rights and that the alleged transfer should be set aside.

In *Cohen v. Menard,* 136 Ill. 130, the executors, the legatee and a creditor of the estate filed a bill to set aside a sale on execution of the lands of the decedent. They contended that the sale was void, etc. The court held that each of the complainants had such an interest in the subject matter as to entitle them to maintain the bill. In *McDowell v. Cochran,* 11 Ill. 31, a creditor of the deceased filed a bill to set aside a deed to certain land on the ground that the deceased had paid the purchase price and taken the title in the name of his infant child to prevent the complainant from collecting his debt. A demurrer was sustained and the bill dismissed. One of the grounds of the demurrer was that the administratrix was a necessary party. The Supreme Court held that the objection was well taken.

Plaintiffs in error contend that Carrie Kern is entitled to the full amount of the two certificates of deposit. They insist upon the whole amount and nothing less. They are clearly in error so far as the widow's

award is concerned. They do not claim that Carrie Kern became entitled to the amount of the certificates during the lifetime of her father. Their claim is that she is entitled to the same because she survived him. At the time of his death the necessary funeral expenses immediately became a charge against his estate and his estate being insolvent Carrie Kern would not be entitled to receive the amount of these certificates as a gratuity and leave his debts and funeral expenses unpaid.

The certificates in question were never in the possession of Carrie Kern and yet the bank paid to her the amount of the said certificates after the death of her father. Under the circumstances of the case it is wholly immaterial whether it was an attempted gift or whether it was the result of a contractual relation. In either event it was an attempted transfer without consideration and apparently for the purpose of defeating the marital rights of the widow. We are of the opinion that the transaction was not a perfect gift nor was it the creation of a joint tenancy. Plaintiffs concede that there was no gift but insist that there was a joint tenancy with the right of survivorship and they rely upon *Illinois Trust & Savings Bank v. Van Vlack*, 310 Ill. 185. The contract that existed in that case is lacking in the case at bar. That was within the terms of the statute, while this is not. No reversible error having been pointed out, the decree is affirmed.

*Affirmed.*